1 | KRISTEN CLARKE
Assistant Attorney General
2 | CARRIE PAGNUCCO
Chief
3 | AMIE S. MURPHY (NYBN 4147401)
Deputy Chief
4 | JOHN R. FOWLER (DCBN 1017595)
Acting Special Litigation Counsel
5 | Housing and Civil Enforcement Section
    Civil Rights Division
6 | U.S. Department of Justice
    950 Pennsylvania Ave. NW – 4CON
7 | Washington, DC 20530
    Telephone: (202) 598-5242
8 | Fax: (202) 514-1116
    Email: john.fowler@usdoj.gov
9 |
    *Attorneys for Plaintiff United States of America*

LIZA CRISTOL-DEMAN (SBN 190516)
Brancart & Brancart
P.O. Box 686
Pescadero, CA 94060
Telephone: (650) 879-0141
Fax: (650) 879-1103
Email: lcristoldeman@brancart.com

*Attorneys for Plaintiff-Intervenors Yasmin
Abuhijab and Waael Abuhijab*

MANDY L. SIMS (SBN 278352)
Wolfe & Wyman LLP
1310 H St.
Sacramento, CA 95814
Telephone: (916) 912-4700
Fax: (949) 475-9203
Email: mlsims@ww.law

*Attorneys for Defendants Melinda Bautista
Teruel, individually and as trustee of the
Melinda Bautista Teruel 1992 Revocable Trust*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

and

YASMIN ABUHIJAB and WAAEL
ABUHIJAB,

    Plaintiff-Intervenors,

        v.

MELINDA BAUTISTA TERUEL, individually
and as trustee of the Melinda Bautista Teruel
1992 Revocable Trust,

    Defendants.

CASE NO. 3:23-CV-03536-MMC

~~[PROPOSED]~~ CONSENT ORDER

## I.   INTRODUCTION

1.     Plaintiff United States, Plaintiff-Intervenors Yasmin and Waael Abuhijab ("Abuhijabs"), and Defendants Melinda Bautista Teruel, individually ("Teruel") and in her capacity as Trustee of the Melinda Bautista Teruel 1992 Revocable Trust ("Trustee"), agree to resolve all allegations in the United States' Complaint (ECF No. 1) and Plaintiff-Intervenors' First Amended Complaint in Intervention (ECF No. 23) through this Consent Order.

2.     The United States' Complaint alleges that Defendants discriminated against the Abuhijabs on the basis of familial status, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*., with respect to a unit in a residential rental property located at 1417 Bellevue Avenue in Burlingame, California (the "Bellevue Property"). The Complaint followed an investigation and charge of discrimination by the Department of Housing and Urban Development (HUD) and election by the Abuhijabs to proceed in federal court. Among other things, the Complaint alleges that Teruel told the Abuhijabs that families cause more wear and tear; Teruel repeatedly pressured the Abuhijabs to move into a larger apartment; when Teruel learned that the Abuhijabs were expecting their first child, Teruel told the Abuhijabs that a one-bedroom apartment is not for families; when Teruel learned the Abuhijabs were expecting their second child, Teruel threatened to evict the family; Teruel falsely claimed damage to the unit after the Abuhijabs notified Teruel that discrimination against families was illegal; and the Abuhijabs vacated the unit because of Teruel's continuing pressure.

3.     The Abuhijabs' First Amended Complaint in Intervention alleges that Defendants discriminated against the Abuhijabs on the basis of familial status, in violation of the Fair Housing Act, and that Defendants violated various California laws, all with respect to the Bellevue Property. The First Amended Complaint in Intervention alleges substantially the same conduct as the Complaint.

4.     Defendants deny the allegations in the Complaint and Amended Complaint in Intervention. This Consent Order does not constitute an admission by Defendants, nor a judicial finding, that the complaints' allegations are true.

5.     During the Abuhijabs' tenancy at the Bellevue Property, the Melinda Bautista Teruel 1992 Revocable Trust owned the property, Teruel was the Trustee of the Trust, Teruel managed the property

1   or employed a property manager to do so, and Teruel was a real estate salesperson licensed by the

2   California Bureau of Real Estate.

3   6.      The United States initiated this action on July 17, 2023, to enforce the Fair Housing Act on

4   behalf of the Abuhijabs, under 42 U.S.C. § 3612(o).

5   7.      The Abuhijabs intervened under 42 U.S.C. § 3612(o), *see* ECF No. 13 (order granting leave to

6   file complaint in intervention), and filed their original complaint in intervention (ECF No. 15) on

7   October 16, 2023. The Abuhijabs filed their operative complaint (ECF No. 23) on November 20, 2023.

8   8.      Defendants represent that they no longer own or manage any residential rental property in the

9   United States and do not intend to own or manage any residential rental property in the United States at

10  any point in the future.

11  9.      Defendants represent that Teruel is licensed as a real estate salesperson but does not intend to

12  work as a real estate salesperson at any point in the future. Defendants represent that Teruel does not

13  intend to do so because of her age and age-related health issues.

14  10.     This Order constitutes a full resolution of all the United States' and the Abuhijabs' claims

15  against Defendants in this action.

16  **II.     JURISDICTION**

17  11.     The parties agree that this Court has jurisdiction over the subject matter of this case under 28

18  U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

19  **III.    GENERAL INJUNCTION**

20  12.     Defendants, their agents, employees, successors, and all other persons in active concert or

21  participation with any of them, are hereby enjoined from:

22      a.      Refusing to sell or rent after the making of a bona fide offer, or refusing to negotiate for

23  the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person on the basis

24  of familial status, in violation of 42 U.S.C. § 3604(a);

25      b.      Discriminating against any person in the terms, conditions, or privileges of sale or rental

26  of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of familial

27  status, in violation of 42 U.S.C. § 3604(b);

28

[PROPOSED] CONSENT ORDER
CASE NO. 3:23-CV-03536-MMC

c.      Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of familial status, in violation of 42 U.S.C. § 3604(c); and

d.      Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of that person's having exercised or enjoyed, or on account of that person's having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## IV.      PROHIBITION AGAINST PROPERTY MANAGEMENT

13.      Teruel is enjoined from directly or indirectly performing any Property Management Responsibilities at any residential rental property. "Property Management Responsibilities" include the following: offering to rent units in a residential rental property; processing rental applications; performing or supervising repairs or maintenance; determining tenant eligibility for subsidies or waivers of fees and rents; inspecting dwelling units; collecting rent and fees; overseeing any aspects of the rental process; or engaging in any other property-related activities that involve, or may involve, personal contact or communications with tenants or prospective tenants of a residential rental property. This prohibition does not apply, however, to any property when (a) that property is also Teruel's primary residence and (b) the sole tenant of the property is a healthcare provider who provides medical care to Teruel pursuant to a contract with Teruel.

## V.      MONETARY RELIEF FOR PLAINTIFF-INTERVENORS

14.      Defendants shall pay and/or cause to be paid a total of $137,500 to the Abuhijabs. Within 30 days of this Order's effective date, Defendants and/or their insurer shall pay the total sum of $137,500 in monetary relief to the Abuhijabs by delivering two checks (one for $25,000 from Melinda Bautista Teruel, and one for $112,500 from the AmGUARD Insurance Company) payable to the "Brancart & Brancart Attorney-Client Trust Account."

15.      This payment is a debt within the meaning of 11 U.S.C. § 523(a)(6). Accordingly, Defendants will not seek to discharge any part of this debt in bankruptcy.

## VI.   SPRINGING INJUNCTION

16.     Defendants shall notify the United States[1] within 30 days of the date on which Teruel or the Trustee acquires an ownership, management, financial, or controlling interest in any residential rental property (a "Covered Property"). The date on which Defendants acquire such an interest in a Covered Property shall be referred to as the "Trigger Date."

17.     If Teruel or the Trustee acquires an ownership, management, financial, or controlling interest in a Covered Property, the provisions in paragraphs 18 to 30 shall apply to Defendants, their agents, employees, and all other persons in active concert or participation with any of them, up through the date on which Defendants certify to the United States and counsel for the Abuhijabs through declaration or affidavit that such interest no longer exists. The provisions in paragraphs 18 to 30 do not apply, however, to any residential rental property in which Teruel or the Trustee gains such an interest when (a) that property is also Teruel's primary residence and (b) the sole tenant of the property is a healthcare provider who provides medical care to Teruel pursuant to a contract with Teruel.

### A.   PROPERTY MANAGEMENT RESPONSIBILITIES

18.     All Property Management Responsibilities at a Covered Property must be handled by an Independent Manager. An "Independent Manager" is an individual or entity experienced in managing residential rental properties and who has no current or past employment, financial, contractual, personal, or familial relationship with Defendants.

19.     Within 135 days of the Trigger Date, Defendants will retain an Independent Manager, to be approved in advance in writing by the United States, to perform all Property Management Responsibilities at any Covered Property. The United States will not unreasonably withhold approval for Defendants' proposed Independent Manager.

20.     Starting on the Trigger Date, Defendants are enjoined from entering the premises of any Covered Property. This includes, but is not limited to, the dwelling units, communal spaces, yards, parking areas, and garages. Defendants may enter the premises of a Covered Property only when accompanied by the

[1] Unless specified otherwise, any notifications, communications, correspondence, or provisions of documents to the United States required under this Consent Order shall be made by e-mail to: John Fowler, at John.fowler@usdoj.gov, with "U.S. v. Teruel, DJ 175-11-379" in the subject line.

1  Independent Manager and only if necessary (a) to inspect the property or show it to a prospective buyer

2  and that function cannot be reasonably delegated to an agent, or (b) to prevent loss or damage to the

3  property or persons therein in the event of an emergency.

4  21.    Within 15 days of Defendants retaining an Independent Manager, the parties will file a joint

5  report with the Court confirming that Defendants retained an Independent Manager approved by the

6  United States.

7  22.    If, after retaining an Independent Manager, Defendants wish to change the Independent Manager

8  for any reason, they will submit the name of the prospective manager in writing to the United States for

9  written approval at least 15 days prior to retaining the individual or entity. The United States will not

10  unreasonably withhold approval for Defendants' proposed Independent Manager.

11  **B.    MANDATORY EDUCATION AND TRAINING**

12  23.    Within 150 days of the Trigger Date, Defendants and their employees, agents, and any other

13  persons involved in the rental or management of units in any Covered Properties shall attend in-person,

14  live training on the Fair Housing Act (including its familial status provisions), this Consent Order, and

15  the Nondiscrimination Policy and Complaint Procedure described in Paragraphs 27 to 29. The training

16  shall be conducted consistent with the following:

17  a.    The trainer or training entity shall be independent of Defendants, their employees, agents,

18  or counsel, qualified to conduct such training, and approved by the United States at least 15 days in

19  advance of the training. The United States will not unreasonably withhold approval for Defendants'

20  proposed training.

21  b.    Defendants shall submit to the United States the name and contact information of the

22  person or organization proposed to provide the training, as well as an outline of the training and all

23  materials to be distributed, at least 30 days before the training.

24  c.    Defendants shall distribute a copy of this Order and the Nondiscrimination Policy and

25  Complaint Procedure to attendees.

26  d.    Each individual who receives the training shall execute the Certificate of Training,

27  attached as Attachment A.

28

[PROPOSED] CONSENT ORDER
CASE NO. 3:23-CV-03536-MMC

e.      The training shall be videorecorded.

f.      Defendants shall bear any expenses associated with the training.

24.      Each new employee, agent, or other person who becomes involved in the rental or management of units in any Covered Property shall receive training within 30 days of the date on which their involvement begins by viewing the videorecording and receiving copies of written materials provided for that training. Each individual who receives the training shall also execute the Certificate of Training.

## C.      NONDISCRIMINATION POLICIES AND ADVERTISING

25.      Within 60 days of the Trigger Date, Defendants shall publicly display within any location used as a rental office at a Covered Property a poster no smaller than 10 by 14 inches indicating that all units are available for sale or rental on a nondiscriminatory basis. A poster that comports with 24 C.F.R. § 110 satisfies this requirement. Defendants may use HUD Form 928, available in English as of the date on which the parties signed this Order at: https://www.hud.gov/sites/documents/928.1.PDF.

26.      Starting on the Trigger Date, Defendants shall comply with HUD advertising guidelines, available as of the date on which the parties signed this Order at: https://www.hud.gov/sites/dfiles/FHEO/documents/BBE%20Part%20109%20Fair%20Housing%20Advertising.pdf.  Defendants shall ensure that any new advertising for any unit in a Covered Property that is placed in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and any signs, pamphlets, brochures, or other promotional literature, includes (a) a fair housing logo and (b) the phrase "Equal Housing Opportunity Provider" and the following sentences: "We are an Equal Opportunity Housing Provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability."

27.      Within 90 days of the Trigger Date, Defendants shall submit for approval to the United States a proposed Nondiscrimination Policy and Complaint Procedure. The Nondiscrimination Policy and Complaint Procedure will prohibit discrimination under the Fair Housing Act and will include a formal complaint procedure. The United States will not unreasonably withhold approval for Defendants' proposed Nondiscrimination Policy and Complaint Procedure.

28.     Within 30 days of the United States' approval of the proposed Nondiscrimination Policy and Complaint Procedure, Defendants shall adopt and implement the Nondiscrimination Policy and Complaint Procedure and provide a copy to all residents of, and all employees, agents, and any other persons involved in, the rental or management of units in any Covered Properties.

29.     Defendants shall provide a copy of the Nondiscrimination Policy and Complaint Procedure to each new tenant that moves into a unit in a Covered Property at the same time the tenant is provided with a lease or rental agreement.

### D.     COMPLIANCE REPORTS

30.      Within 180 days of the Trigger Date, and every six months thereafter to reflect information from the preceding six-month period, Defendants shall submit to counsel for the United States a compliance report (the "Compliance Report"). The Compliance Report shall include:

a.     Copies of signed training certifications, as required by Paragraph 23.

b.     Copies of signed acknowledgments, as required by Paragraphs 24.

c.     Photographs showing the posted nondiscrimination policies, as required by Paragraph 25.

d.     Copies of any advertising for any units in Covered Properties, as required by Paragraph 26.

e.     Proof or attestation of transmission of the Nondiscrimination Policy and Complaint Procedure, as required by Paragraphs 28 and 29.

f.     Information related to any written or oral complaint against Defendants, or against any of the Defendants' employees, agents, or any other persons involved in the rental or management of units in Covered Properties involving alleged discrimination under the Fair Housing Act. At minimum, this information should include a copy of the written complaint itself or a written summary of any oral complaint, and the name, address, and telephone number of the complainant. Defendants shall also provide the United States with information concerning resolution of the complaint within 15 days of the resolution.

**VII.   RECORD-KEEPING AND REPORTING**

31.     Defendants shall notify the United States within 90 days of the date on which another person is named as Trustee (i.e., added as, or replacing Melinda Bautista Teruel as, Trustee).

32.     Defendants shall preserve all records relating to their obligations under this Order. Representatives of the United States shall be permitted, upon providing reasonable notice, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Order.

**VIII.   DURATION, MODIFICATION, AND ENFORCEMENT**

33.     This Consent Order is effective immediately upon its entry on the docket by the Court and shall remain in effect for three years from the effective date.

34.     This Court shall retain jurisdiction over this action for all purposes related to the enforcement of this Order throughout its term, after which the case shall be dismissed with prejudice.

35.     Any time limits for performance imposed by this Order may be extended by mutual written agreement of the parties.

36.     The United States may move the Court to extend the period in which this Order is in effect if it believes that any Defendant has likely violated one or more terms of this Order or if the interests of justice otherwise require an extension.

37.     The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. In the event that a Defendant, whether willful or otherwise, fails to perform in a timely manner any act required by this Order or perform acts in violation of any provision of this Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts.

38.     The United States may take reasonable steps to monitor Defendants' compliance with this Consent Order and the Fair Housing Act, including but not limited to conducting fair housing tests at any location in which either Defendant or their employees or agents conduct rental activities. Fair housing testing refers to the use of individuals who, without any bona fide intent to rent a home,

apartment, or other dwelling, pose as prospective renters or buyers for the purpose of gathering information.

**IX.      COSTS OF LITIGATION**

39.      Except for the payment to the Abuhijabs described in paragraph 14 and the provisions described in paragraph 37 (regarding remedies authorized by law or equity), all parties shall be responsible for their own attorney's fees, expenses, and costs associated with this action.

**X.      TERMINATION OF LITIGATION HOLD**

40.      The parties agree that, as of the date of the entry of this Order, litigation is not "reasonably foreseeable" concerning the matters described in this Order. If any party has implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Order, the party is no longer required to maintain it. Nothing in this Paragraph relieves any party of any other obligations under this Order, including Defendants' preservation obligations under Paragraph 32.

      **SO ORDERED.**


      The undersigned hereby apply for and consent to the entry of the Order:

1   Dated: September 10, 2024

2

3   ISMAIL J. RAMSEY (CABN 189820)          KRISTEN CLARKE
    United States Attorney                  Assistant Attorney General
    Northern District of California         Civil Rights Division

4
                                            CARRIE PAGNUCCO
5                                           Chief

6                                           AMIE S. MURPHY (NYBN 4147401)
                                            Deputy Chief
7

8   /s/ Kelsey J. Helland                   /s/ John R. Fowler
9   DAVID M. DEVITO (CABN 243695)           JOHN R. FOWLER
    KELSEY J. HELLAND (CABN 298888)         Acting Special Litigation Counsel
10  Assistant United States Attorneys       Housing and Civil Enforcement Section
         450 Golden Gate Ave.                    Civil Rights Division
11       San Francisco, CA 94102-3495           U.S. Department of Justice
         Telephone: (415) 436-6488              950 Pennsylvania Ave. NW – 4CON
12       Fax: (415) 436-6748                    Washington, DC 20530
         Email: kelsey.helland@usdoj.gov,       Telephone: (202) 598-5242
13       david.devito@usdoj.gov                 Fax: (202) 514-1116
                                                Email: john.fowler@usdoj.gov
14
    Attorneys for Plaintiff United States of America
15

16

17

18

19

20

21

22

23

24

25

26

27

28

    [PROPOSED] CONSENT ORDER
    CASE NO. 3:23-CV-03536-MMC

                                   11

1  Dated: September 6, 2024

2

3
_____
4  YASMIN ABUHIJAB

5  *Plaintiff-Intervenor*

6
_____
7  WAAEL ABUHIJAB

8  *Plaintiff-Intervenor*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] CONSENT ORDER
CASE NO. 3:23-CV-03536-MMC

Dated: September 10, 2024

/s/ Liza Cristol-Deman
LIZA CRISTOL-DEMAN
Brancart & Brancart
    P.O. Box 686
    Pescadero, CA 94060
    Telephone: (650) 879-0141
    Fax: (650) 879-1103
    Email: lcristoldeman@brancart.com

ARTHUR A. TAPIA (SBN 183335)
Project Sentinel
    1490 El Camino Real
    Santa Clara, CA 95050
    Telephone: (408) 470-3746
    Fax: (408) 216-9968
    Email: atapia@housing.org

*Attorneys for Plaintiff-Intervenors Yasmin Abuhijab and Waael Abuhijab*

1  Dated: September 6, 2024

2

3

4  MELINDA BAUTISTA TERUEL
   Individually and as Trustee of the Melinda Bautista Teruel 1992 Revocable Trust
5  By: Anna McDonald, attorney-in-fact

6  *Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Dated: September 10, 2024

2

3  *Mandy L. Sims*

4  _____
   MANDY L. SIMS
   Wolfe & Wyman LLP

5      980 Ninth St., Suite 1750
       Sacramento, CA 95814

6      Telephone: (916) 912-4700
       Fax: (949) 475-9203

7      Email: mlsims@ww.law

8  ROBERT SHEPPARD (SBN 85298)
   Sheppard, Uziel & Hendrickson Law Firm

9      423 Washington St., Suite 200
       San Francisco, CA 94111-2307

10     Telephone: (415) 296-0900
       Fax: (415) 296-0999

11     Email: rs@sheppardlaw.com

12  PETER N. HADIARIS (SBN 122590)
       3426 Idaho Dr.

13     Santa Rosa, CA 95405-7128
       Telephone: (415) 694-0052

14     Fax: (415) 296-0999
       Email: peter@hadiaris.com

15

   *Attorneys for Defendants Melinda Bautista Teruel, individually and*
16     *as trustee of the Melinda Bautista Teruel 1992 Revocable Trust*

17

18

19

20

21

22

23

24

25

26

27

28

   [PROPOSED] CONSENT ORDER
   CASE NO. 3:23-CV-03536-MMC
                                    15

1

## ATTESTATION PURSUANT TO LOCAL CIVIL RULE 5-1(i)(3)

2        I, Kelsey J. Helland, attest that any signatories indicated by a conformed signature (/s/) within

3  this e-filed document have approved, and concur in, this filing. I declare under penalty of perjury under

4  the laws of the United States of America that the foregoing is true and correct.

5

6

7                                    /s/ Kelsey J. Helland

8                                    KELSEY J. HELLAND

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[~~PROPOSED~~] ORDER**

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

Dated: September 18, 2024

5

6

MAXINE M. CHESNEY
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] CONSENT ORDER
CASE NO. 3:23-CV-03536-MMC

**Attachment A**

**<u>Certificate of Training</u>**

I hereby acknowledge that on _____, 202_, I completed training conducted by _____ on the requirements of the Fair Housing Act, the Consent Order entered by the United States District Court for the Northern District of California in *United States v. Teruel*, Case No. 3:23-CV-03536-MMC, and the Nondiscrimination Policy and Complaint Procedure described in the Consent Order. I have also received and read a copy of the Consent Order and the Nondiscrimination Policy and Complaint Procedure.

I understand my obligation not to discriminate against any person related to residential rental housing because of sex, race, color, religion, national origin, disability, or familial status.

I also understand my obligation not to retaliate against any individual for exercising a right protected by the Fair Housing Act.


_____          _____

Signature                                              Job Title/Position



_____          _____

Print Name                                          Date

[PROPOSED] CONSENT ORDER
CASE NO. 3:23-CV-03536-MMC
18